UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENNETH O. KEITH REED,                                              Petitioner,

v.                                                   Civil Action No. 3:16-cv-P30-DJH

AARON SMITH, WARDEN,                                               Respondent.

* * * * *

## MEMORANDUM OPINION

Petitioner Kenneth O. Keith Reed, proceeding *pro se*, initiated this action by filing a

motion requesting "to hold the writ of habeas corpus pursuit to 28 USC 2254 in abeyance and

stay the proceeding pending the exhaustion of all state court remedies" (Docket Number

(DN) 1). However, Petitioner did not file a petition for a writ of habeas corpus. By prior Order

(DN 8), the Court ordered Petitioner to file a § 2254 petition on the Court's approved petition

form within 30 days. In the Order, the Court warned Petitioner that failure to comply within the

time allotted would result in the dismissal of this action for lack of prosecution.

More than 30 days have passed, and Petitioner has failed to comply with the Order or to

take any other action in this case. Upon filing the instant action, Petitioner assumed the

responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the

Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a

court order." Although federal courts afford *pro se* litigants some leniency on matters that

require legal sophistication, such as formal pleading rules, the same policy does not support

leniency from court deadlines and other procedures readily understood by laypersons,

particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where,

for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Petitioner's failure to comply with the Court's Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:       Petitioner, *pro se*
4415.010

2